**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PAUL FREDERICK GLOVER, JR.,

     Defendant - Appellant.

No. 04-5150

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**D.C. No. 03-CR-182-H)**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[*]

---

William D. Lunn, Tulsa, Oklahoma, for Defendant-Appellant.

David E. O'Melia, United States Attorney and Kevin Danielson, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

---

**KELLY**, Circuit Judge.

---

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Paul Frederick Glover, Jr. pled guilty to conspiracy to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced to 252 months incarceration to be followed by five years of supervised release. On appeal, he contends that his sentence was improperly increased based upon facts which were not charged in the indictment. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Background

Mr. Glover was indicted in a nine-count indictment for various offenses in connection with the manufacture and distribution of methamphetamine. On April 30, 2004, he pled guilty to a conspiracy count pursuant to a plea agreement. Aplt. App. 2 at 4. At the change of plea hearing, Mr. Glover objected to various paragraphs in the overt acts section of the conspiracy count as lacking a factual basis. By agreement of the parties, various paragraphs were deleted. Id. at 18-21. As part of the factual basis, the plea agreement contained a paragraph of admitted facts. Aplt. App. 3 at 7-8. It included facts relevant to a two-level increase in the offense level for possession of a firearm during the offense, U.S.S.G. § 2D1.1(b)(1), and a four-level enhancement based on defendant's role in the

- 2 -

offense, U.S.S.G. § 3B1.1(a), contained in the pre-sentence report (PSR). III R. at 14-15. In the plea agreement, Mr. Glover admitted that he "sold a lot of the finished methamphetamine for cash or traded it for other assets such as firearms, automobile parts, or electronic equipment," and that "[s]ome people also brought to me or obtained for me at my request material or equipment that I would use in the process of making methamphetamine." Aplt. App. 3 at 7-8.

In written objections and at the sentencing hearing, Mr. Glover objected to the enhancements,[1] both on factual grounds and based on Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). III R. PSR Addendum at 1, 11; Aplt. App. 5 at 5-12. In his objections to the PSR, he admitted that he possessed firearms in the course of his methamphetamine distribution activities, including as a medium of exchange. III R. PSR Addendum at 11. He also indicated that he would not object to a two-level upward adjustment "pre-Blakely" for his role in the offense, maintaining that he was assisted only by three persons, not the requisite five or more necessary for a four-level adjustment. At the sentencing hearing, Mr. Glover then stipulated to a two-level increase in the offense level for possessing firearms and compromised with the government for a two-level enhancement for

---

[1]The increase in the offense level for possession of a firearm during the offense, U.S.S.G. § 2D1.1(b)(1), and the role in the offense upward adjustment, U.S.S.G. § 3B1.1(a), will be referred to together as "enhancements."

being a leader or organizer.[2] Aplt. App. 5 at 5-12. Mr. Glover made various objections to paragraphs in the PSR relating to drug quantities. Id. at 13. The district court then sentenced Mr. Glover to 252 months imprisonment, the upper part of the 210 to 262 months guideline range.

## Discussion

At the sentencing hearing, Mr. Glover argued that the factual basis for the enhancements was not included in the amended indictment and that his statements in the plea agreement were not sufficient admissions to justify the enhancements. Aplt. App. 5 at 4-5, 10. On appeal, he argues that the term of his sentence should not have been increased based on facts that were not alleged in the indictment under Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). Aplt. Br. 7-8. We find no merit in this argument.

In regard to sentencing, a defendant may waive his Sixth Amendment rights under Apprendi and Blakely by stipulating to facts underlying sentence enhancements. Blakely, 124 S. Ct. at 2541; United States v. Porter, 405 F.3d

---

[2]The parties stipulated to a base offense level of thirty-two. Aplt. App. 5 at 3. The district court accepted the PSR's suggestion of a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), leaving an offense level of twenty-nine before the four-level increase—two levels for leadership role and two levels for possession of a firearm. Aplt. App. 5 at 12.

1136, 1143 (10th Cir. 2005) (holding that a defendant admitting facts upon which the court determined the sentence does not violate the Sixth Amendment under Apprendi or Booker). Mr. Glover admitted in the plea agreement that he traded finished methamphetamine for other assets, including firearms. He argues that this statement does not furnish a nexus between the firearms and the conspiracy offense, so he cannot be deemed to have admitted the facts necessary for a U.S.S.G. § 2D1.1(B) enhancement. This argument is thin—trading drugs for guns does provide the requisite nexus. United States v. Rogers. 150 F.3d 851, 858 (8th Cir. 1998).

Mr. Glover also admitted facts supporting the firearms enhancement in connection with his sentencing. In his objections to the PSR, he admitted that he provided firearms that had been exchanged for methamphetamine to another person regularly. III R. PSR Addendum at 11. Were that not enough, at the sentencing hearing, Mr. Glover's counsel, in response to the court's inquiry of whether the firearm enhancement was appropriate, commendably admitted that "it's fairly seamless in light of the statement that's made in the plea agreement." Aplt. App. 5 at 5-6. Counsel did preserve his argument that such facts needed to be alleged in the indictment, though. With that issue preserved, counsel stipulated that the facts had been established for the enhancement. Thus, given that the facts were admitted by Mr. Glover and are sufficient to warrant the

enhancement under the law, Mr. Glover has no Blakely claim on the firearms offense characteristic.

Turning to the role-in-the-offense adjustment, we need not decide if Mr. Glover's statement in the plea agreement (that "some people" at his request furnished him material or equipment to make methamphetamine), is a sufficient admission to support a four-level enhancement for being an organizer or leader of *five* or more participants. In response to the PSR, Mr. Glover objected to a four-level, but not to a two-level, upward adjustment, "pre-Blakely." III R. PSR Addendum at 11. Mr. Glover maintained that no more than three persons assisted him on a regular basis in drug distribution. Plainly, this is a sufficient admission by Mr. Glover to warrant an additional two-level U.S.S.G. §3B1.1(c) enhancement. United States v. McKneely, 69 F.3d 1067, 1079 (10th Cir. 1995). Further, were there any doubt about Mr. Glover's admission, at the sentencing hearing Mr. Glover's counsel stipulated to the two-level adjustment, while preserving his argument that the facts had to be alleged in the indictment. Aplt. App. 5 at 12. As before, we conclude that Mr. Glover's admissions to the requisite facts supporting a two-level role-in-the-offense adjustment eliminate any Blakely claim.

Booker does not alter this conclusion. In Booker, the Court "reaffirm[ed] its] holding in Apprendi: Any fact (other than a prior conviction) which is

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. However, the Court did not hold that facts supporting sentencing factors had to be included in the indictment. Indeed, Justice Breyer, in the Court's remedial opinion, discussed the difficulty such a requirement would cause. Id. at 761. Specifically, Justice Breyer commented on the difficulty courts and counsel would have in a jury trial with an indictment alleging "whether the defendant possessed a firearm, . . . whether he was an organizer, [or] leader" and other facts which are not necessary elements of the crime. Id. at 761-62; see U.S.S.G. §§ 2B3.1 (robbery), 3B1.1 (role in the offense). Defendants would have difficulty raising defenses against both the alleged crime and the enhancements, and juries might be confused given the complexity of the sentencing guidelines. Id. at 762. Therefore, the Court concluded that applying the Sixth Amendment requirement to the sentencing enhancements under the Guidelines "would create a system far more complex than Congress could have intended." Id. at 761.

The Fourth Circuit recently rejected a similar challenge in the guilty plea context—that upward adjustments and departures under the Guidelines must be alleged in the indictment and found by a jury beyond a reasonable doubt—stating:

> A plea of guilty submits the defendant to fact finding by the judge, rather than the jury. . . . For over 200 years, the trial courts

have had jurisdiction to fix sentences, except in peculiar circumstances such as the present death penalty statute. Certainly this includes the authority for the judge to find facts unless otherwise prohibited. Booker has not changed that.

. . . The district court did not err in its fact finding because the facts were based on the defendant's own admissions. Therefore, we are of opinion and hold the defendant's argument under Blakely to be without merit.

United States v. Bartram, __ F.3d __, 2005 WL 994828, at *6 (4th Cir. Apr. 29, 2005).

Although there is no Sixth Amendment violation here, there is a non-constitutional Booker error because the district court treated the guidelines as mandatory, rather than advisory. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731-32 (10th Cir. 2005) (discussing the difference between constitutional and non-constitutional Booker error). In Booker, the Court remedied the constitutional violation of the Sentencing Guidelines by invalidating their mandatory application and instead requiring courts to apply them in an advisory manner. 125 S. Ct. at 756-57 (excising 18 U.S.C. §§ 3553(b)(1), 3742(e)). Had the district court treated the Guidelines as advisory, we would review the sentence for reasonableness with regard to § 3553(a). See Id. at 765-66.

Assuming that Mr. Glover's Apprendi objection also preserved his non-constitutional Booker argument given the unsettled state of the law,[3] we review

_____

[3]See Gonzalez-Huerta, 403 F.3d at 750 n.3 (Briscoe, J., dissenting) (observing that in United States v. Labastida-Segura, 396 F.3d 1140, 1142-43

- 8 -

whether the district court's non-constitutional error was harmless as the government urges. See United States v. Riccardi, 405 F.3d 852, 874-75 (10th Cir. 2005) (applying harmless error analysis to a preserved constitutional Booker error); United States v. Labastida-Segura, 396 F.3d 1140, 1142-43 (10th Cir. 2005) (applying harmless error analysis to a preserved non-constitutional Booker error). Fed. R. Crim. P. 52(a) provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Considering a misapplication of the Guidelines under 18 U.S.C. 3742(f)(1), the Supreme Court held that "once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992) (citing Fed.R.Crim.P. 52(a)); see also Labastida-Segura, 396 F.3d at 1142-43. In non-constitutional harmless error cases, the government bears the burden of demonstrating, by a preponderance of the evidence, that the substantial rights of the defendant were not affected. See Williams, 503 U.S. at 203.

The government relies heavily on the fact that the district court consulted

_____

(10th Cir. 2005), a defendant's constitutional objection after Blakely was sufficient to preserve a non-constitutional Booker error given the difficulty of predicting the remedy that was adopted the Supreme Court in Booker).

the Guidelines and that Mr. Glover stipulated to key facts concerning his sentence. More to the point, all indicators suggest that any sentence on remand would be the same. Mr. Glover marshaled facts and argument during allocution to persuade the court to give a sentence at the low end of the range. Cf. Gonzalez-Huerta, 403 F.3d at 735-36 (noting that pre-Booker, defendants had every reason to present mitigating circumstances to a district court eliminating the need to remand so the court may consider additional circumstances). Still, the district court exercised its discretion to sentence Mr. Glover near the top of the applicable Guideline range. Compare Riccardi, 405 F.3d at 876 (holding that a constitutional Booker error was harmless where the district court sentenced at the top of the range), with Labastida-Segura, 396 F.3d at 1143 (holding that a non-constitutional Booker error was not harmless where the district court sentenced at the bottom of the range). The district court based the enhancements on Mr. Glover's actual and admitted conduct. This approach was followed in Riccardi, 405 F.3d at 876, and is supported by Booker. 125 S. Ct. at 757 (adopting an approach that "maintain[s] a strong connection between the sentence imposed and the offender's real conduct").

Finally, the court remarked at sentencing that a sentence at the higher end of the guideline range was justified in light of Mr. Glover's criminal history and the threat he poses to the community. Aplt. App. 5 at 33. These remarks suggest

that the court believed that the sentence was appropriate considering the circumstances. Therefore, although the district court erred in mandatorily applying the Guidelines, we are satisfied that the error was harmless and must be disregarded.

AFFIRMED.