**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES MONROE MORRIS,

    Defendant - Appellant.

No. 05-3053
(D.C. Nos. 04-CV-3278-WEB and
03-CR-10058-02-WEB)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant James Monroe Morris, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's denial of his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Because we determine that Mr. Morris has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny his request for a COA and dismiss the appeal.

Mr. Morris pleaded guilty on July 21, 2003 to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and was sentenced to 92 months

imprisonment on October 24, 2003. The plea agreement contained a waiver of the right to appeal or collaterally attack his sentence unless the district court departed upward from the applicable sentencing guidelines range. No direct appeal was taken. Mr. Morris filed his § 2255 motion on August 30, 2004 claiming that his sentence was unconstitutionally enhanced under Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), and that his counsel's failure to appeal the enhancement on the basis of Blakely constituted ineffective assistance of counsel.

On January 5, 2005, the district court denied Mr. Morris relief on two alternative grounds. First, the court held that Mr. Morris's waived his right to appeal or collaterally attack his sentence when he accepted the plea, and second, the court held that even if the waiver was unenforceable, Blakely does not apply retroactively to cases on collateral review. Eight days later, just after the Supreme Court issued its opinion in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), Mr. Morris filed a motion for reconsideration, which the district court treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), and denied.

Where the district court denies a habeas petition on procedural grounds, a COA should issue when the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Where the district court denies the petition on the merits, a COA should issue when the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. On appeal, Mr. Morris raises the same arguments that he raised below, and we conclude that the district court's ruling is not fairly debatable or wrong.

Regarding the procedural ruling, the district court's conclusion that Mr. Morris's waiver is enforceable under United States v. Hahn, 359 F.3d 1315, 1328-29 (10th Cir. 2004) (en banc), is not fairly debatable, and Mr. Morris has not argued otherwise. This result is further supported by our recent decision in United States v. Green, 405 F.3d 1180, 1182 (10th Cir. 2005), which recognized that waivers of appellate rights entered into before the Supreme Court issued its opinion in Blakely can preclude later claims based on Booker.

Likewise, the district court's merits decision is not debatable or wrong as we have held that Blakely, even in light of the Court's holding in Booker, does not apply retroactively to cases on collateral review. United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005). As for the argument that counsel should have raised the enhancement issue in a direct appeal, as our recent opinion in United States v. Glover, __ F.3d __, No. 04-5150, 2005 WL 1541083 (10th Cir. July 1, 2005), makes clear, enhancements do not have to be included in the indictment to

satisfy the Sixth Amendment.  Therefore, counsel was not ineffective for failing to appeal on this ground.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge