**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

WILLIAM T. RANEY,

   Defendant-Appellant.

Nos. 04-1453 and 04-1454

(D. of Colo.)

(D.C. Nos. 03-CR-573-MK
and 04-CR-131-MK)

**ORDER AND JUDGMENT** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

  William T. Raney pled guilty to two counts of being a felon in possession

of a firearm and one count of commission of an offense while on release.  The

district court found Raney had previously been convicted of a controlled

substance offense and enhanced his sentence accordingly.  *See* United States

Sentencing Guidelines (USSG) § 2K2.1(a)(4)(A).

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Raney makes two arguments on appeal. First, that his prior conviction for interstate travel in aid of racketeering is not a controlled substance offense. Second, that his sentence violates the Sixth Amendment under the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Taking jurisdiction pursuant to 28 U.S.C. § 1291, we affirm Raney's sentence.

**A. Sentence Enhancement Based on Fact of Prior Conviction**

Raney entered into a plea agreement which states he was "previous[ly] convicted in 1989 . . . for the charge of interstate travel in aid of racketeering." To assist sentencing, the government prepared a pre-sentencing report (PSR), which contained, as an addendum, a copy of the indictment from his prior conviction. According to the indictment:

> On or about October 23, 1985 . . . [and] January 1, 1986 . . . WILLIAM RANEY, did unlawfully, willingly and knowingly travel in interstate commerce . . . with the intent to promote . . . an unlawful activity, to wit: the business enterprise of the distribution of cocaine, a controlled substance . . . and WILLIAM RANEY did thereafter perform and attempt to perform acts to promote . . . said unlawful activity.

The sentencing judge first noted interstate travel in aid of racketeering is not a controlled substance offense as defined by USSG § 4B1.2(b) because it is not "the manufacture, import, export, distribution, or dispensing of a controlled substance. . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." However, as the judge

observed, Application Note 1 to USSG § 4B1.2 expands this definition to "include the offenses of aiding and abetting . . . and attempting to commit such offenses." The district court thus concluded Raney's prior conviction for interstate travel in aid of the distribution of cocaine was a controlled substance offense. The judge went on to state her findings and decision adhered to and were compatible with the Supreme Court's holding in *Taylor v. United States*, 495 U.S. 575 (1990).[1] As a result, the court enhanced Raney's sentence.

We agree with the district court's analysis and incorporate it herein. We also add that the Supreme Court's recent decision in *Shepard v. United States*, 125 S. Ct. 1254 (2005), further forecloses Raney's argument that his prior conviction was not a controlled substance offense. The Court in *Shepard* applied *Taylor's* categorical approach to prior convictions resulting from a guilty plea. Thus, when determining the fact of a prior conviction stemming from either a jury's verdict or a guilty plea, a sentencing court must limit its examination to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . . , or to some comparable judicial record of this information." *Id.* at 1263. The indictment, which is a charging

---

[1] *Taylor* held that a court must use a categorical approach when determining the fact of a prior conviction, such that only the language of the statute, the charging documents, and any sworn statements made by the defendant can be examined. *See* 495 U.S. at 600.

-3-

document from Raney's prior conviction shows it was a controlled substance offense. Therefore, the district court properly enhanced Raney's sentence. [2]

## B. Booker and Blakely

During sentencing, Raney objected to various enhancements to his sentence. He based these objections on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and its finding that a sentence enhancement based upon judge found facts can violate a defendant's Sixth Amendment rights.

Raney's reply brief makes the same argument based on *Blakely* and the Supreme Court's more recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005). He also expands his argument by claiming the district court further violated *Booker* by applying the Guidelines mandatorily. Ordinarily, a defendant who raised a *Booker* argument during sentencing is entitled to harmless error review on appeal. *See United States v. Labastida-Segura*, 396 F.3d 1140 (10th Cir. 2005). However, Raney failed to argue his sentence violated *Blakely* or *Booker* in his opening brief. "Failure to raise an issue in the opening appellate brief waives that issue." *United States v. Black*, 369 F.3d 1171, 1176 (10th Cir. 2004). Raney's failure to raise his *Blakely/Booker* argument in his opening brief

---

[2] The inclusion of the indictment from Raney's prior conviction differentiates this case from our recent decision in *United States v. Perez-Vargas*, – F.3d – , No. 04-1321. There, we remanded for re-sentencing because the record contained no evidence regarding the facts of the prior conviction that was reviewable under *Taylor* and *Shepard*.

is particularly damaging because his failure denied the government the opportunity to argue the error was harmless. *See* Fed. R. Crim. P. 52(a); *United States v. Glover*, – F.3d – , No. 04-5150, 2005 WL 1541083, *4 (10th Cir. July 1, 2005) ("In non-constitutional harmless error cases, the government bears the burden of demonstrating, by a preponderance of the evidence, that the substantial rights of the defendant were not affected."). Therefore, we find Raney waived his *Booker/Blakely* argument.

But if we found Raney had not waived the argument, we would find any error committed by the district court was harmless. First of all, the court enhanced Raney's sentence based on three separate findings: 1) he possessed three firearms; 2) he obstructed justice; and 3) he was previously convicted of a controlled substance offense. Raney admitted the facts of the first two findings in his plea agreement. Thus, the court did not err in enhancing Raney's sentence based on those findings. *See Booker*, 125 S. Ct. at 756. As set forth in greater detail above, the indictment from Raney's prior conviction clearly shows it was a controlled substance offense. Thus, the court did not err when it enhanced Raney's sentence based on his prior conviction. *See id; Shepard*, 125 S. Ct. at 1262.

In addition, the court's mandatory application of the Guidelines was harmless. First, unlike the defendant in *Labastida-Segura*, 396 F.3d at 1143,

-5-

Raney was not sentenced at the bottom of the applicable Guidelines range. In fact, he was sentenced to 90 months imprisonment, seven months short of the maximum available under the determined Guidelines range of 78 to 97 months. *See United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005) (finding error was harmless when defendant not sentenced at bottom of range). Second, the court refused to grant Raney's request to depart downwardly, acknowledging that such departure "is a discretionary decision made by the Court." [App. Vol. II p. 27] Thus, when given the opportunity, the court refused to exercise its discretion. *See id.* (noting that since the court refused to exercise its discretion during sentencing, it was unlikely the court would exercise discretion to give a lower sentence now that the Guidelines were advisory). Third, the court noted that Raney's current crimes were not an anomaly, but rather were part of a long history of criminal conduct. Fourth, the court specifically tailored the sentence to meet the considerations of the various 18 U.S.C. § 3553(a) factors. *See Booker* 125 S. Ct. at 743 (finding courts, post *-Booker*, are required to consider the factors set forth in 18 U.S.C. § 3553(a)). Finally, it is worth noting that the government never conceded any errors committed by the district court were not harmless. *See, e.g., United States v. Jardine*, 406 F.3d 1261 (10th Cir. 2005) (remanding for re-sentencing where government conceded the sentence imposed was not harmless

*Booker* error). This is due in no small part to Raney's failure to raise the issue in his opening brief.

In conclusion, we find the district court did not err when it enhanced Raney's sentence, and that any error it committed in applying the Guidelines mandatorily did not affect Raney's substantial rights and was harmless. *See Riccardi* , 405 F.3d at 876.

AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge
