**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERARDO ANCHONDO-
RASCONDO,

Defendant-Appellant.

No. 04-2273

(D. New Mexico)

(D.C. No. CR-03-2214-JB)

ORDER AND JUDGMENT[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a); 10TH CIR. R. 34.1(G).

Mr. Anchondo-Rascondo pleaded guilty to illegally reentering the United States after having been deported following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2). The district court sentenced him to 70

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months' imprisonment, and stated at sentencing its intent to impose an identical alternative sentence if the Guidelines were declared unconstitutional. Mr. Anchondo-Rascondo appeals his sentence, in light of *United States v. Booker*, 125 S. Ct. 738 (2005), and seeks a remand for resentencing. He also contends that the district court improperly calculated his criminal history. We conclude that the non-constitutional sentencing error was harmless, and the district court did not err in its calculation of his criminal history. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's sentence.

## I. BACKGROUND

On September 1, 2003, United States Border Patrol agents arrested Mr. Anchondo-Rascondo near Lordsburg, New Mexico. On November 4, 2003, he pleaded guilty to reentering the United States illegally after having been deported following conviction for an aggravated felony. He had been previously deported from the United States to Mexico in May 2002, after being convicted of unlawful possession with intent to deliver cocaine.

The pre-sentence report ("PSR") determined that Mr. Anchondo-Rascondo's base offense level was 8. *See* U.S.S.G. § 2L1.2(a). It recommended a sixteen-level enhancement for a prior drug trafficking offense, *see* U.S.S.G. § 2L1.2(b)(1)(A), and a three-level downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. With an adjusted offense level of 21, and a

criminal history category V, the Guidelines range was 70 to 87 months.

Mr. Anchondo-Rascondo objected to the sixteen-level enhancement, arguing that it violated his right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004). He also objected to the PSR's determination that he had ten criminal history points. Two of those points resulted from committing the instant offense while under probation in Minnesota. *See* U.S.S.G. § 4A1.1(d).

The district court overruled his *Blakely* objections, and it adopted the PSR's factual findings and Guidelines recommendations. It sentenced Mr. Anchondo-Rascondo to 70 months' imprisonment, followed by two years' supervised release. It also ordered a $100 special assessment. The district court then announced an identical alternative sentence "[i]f the Tenth Circuit or the Supreme Court declare[s] unconstitutional the guidelines." Rec. vol. III, at 14 (Sentencing Hr'g, dated Sept. 21, 2004).

On appeal, Mr. Anchondo-Rascondo argues that the district court (1) violated his Sixth Amendment rights under *Booker*, and (2) erred in calculating his criminal history.

## II. DISCUSSION

A.    *Booker* claim

The Supreme Court in *Booker* stated that sentencing courts may have committed two types of error when applying the then-mandatory Guidelines:

constitutional and non-constitutional error. Constitutional *Booker* error occurs when a court "rel[ies] upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily," in violation of the Sixth Amendment. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). A court commits non-constitutional *Booker* error when it "appl[ies] the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* at 731-32.

The government concedes that the district court committed non-constitutional error when the court applied the Guidelines as though they were mandatory. This case, however, does not involve constitutional error. The sixteen-level enhancement was based on a November 2001 drug trafficking felony conviction, and Mr. Anchondo-Rascondo admitted such conviction at his plea hearing. Rec. vol. IV, at 15-16 (Plea Hr'g, dated Nov. 4, 2003). Further, neither the existence of a prior conviction nor its classification as an enhancement under Section 2L1.2(b)(1)(A) of the Guidelines constitutes facts that must be included in an indictment or proven to a jury. *United States v. Moore*, 401 F.3d 1220, 1226 (10th Cir. 2005) (concluding that the facts of a prior conviction and its classification as a "violent felony" need not be charged in an indictment or

-4-

determined by a jury); *see United States v. Gallegos-Aguero,* 409 F.3d 1274, 1276 (11th Cir. 2005) ("[T]here is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions, including those specified in § 2L1.2(b)(1)(A)."); *see also Booker*, 125 S. Ct. at 756 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis supplied).

Mr. Anchondo-Rascondo preserved his *Blakely* objection below, and we thus review his non-constitutional sentencing error for harmlessness. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005) (stating that a *Blakely* objection sufficiently preserves a claim of error under *Booker*). "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." FED. R. CRIM. P. 52(a). "In non-constitutional harmless error cases, the government bears the burden of demonstrating, by a preponderance of the evidence, that the substantial rights of the defendant were not affected." *United States v. Glover*, 413 F.3d 1206, 1210 (10th Cir. 2005).

In *Labastida-Segura*, 396 F.3d at 1143, we concluded that a non-constitutional *Booker* error was not harmless when a defendant was sentenced at the bottom of the Guidelines range and the court did not indicate how it would

impose a discretionary sentence "given the new legal landscape." However, if the district court proposed an alternative sentence under a discretionary Guidelines scheme, a remand for resentencing may not be necessary. In *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1223 (10th Cir. 2005), "the district court announced an alternative sentence, which applied the methodology suggested by *Booker*" and considered the factors set forth in 18 U.S.C. § 3553(a) that were relevant to the defendant. We deemed the non-constitutional error there to be harmless because "[t]he district court applied the sentencing methodology suggested in *Booker* and concluded that even if the Guidelines were not mandatory [the defendant] would receive the same sentence." *Id.* at 1224; *see also United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) (finding a non-constitutional *Booker* error to be harmless where the district court stated it would impose the same sentence if the Guidelines were held unconstitutional as mandatorily applied); *United States v. Thompson*, 403 F.3d 533, 536 (8th Cir. 2005) (concluding that non-constitutional *Booker* error was harmless because the district court stated an identical alternative sentence).

Here, the district court announced an identical alternative sentence for Mr. Anchondo-Rascondo in case the Guidelines were ruled unconstitutional. As a result, we are not "in the zone of speculation and conjecture," as we were in *Labastida-Segura,* 396 F.3d at 1143, and "we do not need to read any tea leaves

to determine what the district court would do on remand," *Serrano-Dominiguez*, 406 F.3d at 1223.

Nonetheless, Mr. Anchondo-Rascondo argues that we should remand for resentencing because the district court did not expressly consider the relevant factors outlined in 18 U.S.C. § 3553(a) when it announced the alternative sentence. According to him, the "sentencing court must consider the sentence calculated using the Guidelines and related policy statements in conjunction with the other sentencing considerations listed in Section 3553(a)." Aplt's Br. at 9. However, even prior to *Booker*, the Sentencing Reform Act instructed judges to consider the factors outlined in § 3553(a) when imposing sentences. *See* 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider [those factors]."); *see also United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005) (noting that, in a case where the district court imposed an identical discretionary sentence, "[i]t is true that the district court did not march through § 3553(a)'s sentencing factors, but we have never imposed such a requirement").

Further, the district court adopted the PSR's factual findings and Guidelines applications as to Mr. Anchondo-Rascondo. The PSR explicitly considered relevant § 3553(a) factors. It examined his offender characteristics, including personal and family data, educational and vocational skills, and

employment; it also outlined various sentencing options regarding the terms of his custody, supervised release, fine, and special assessment. Rec. vol. II, at 9-12.

B.      Criminal history calculation

Finally, we reject Mr. Anchondo-Rascondo's contention that the district court erred in adding two criminal history category points under Section 4A1.1(d) of the Guidelines. That provision applies "if the defendant committed the instant offense while under any criminal justice sentence, including probation." U.S.S.G. § 4A1.1(d). He does not dispute that a Minnesota warrant was outstanding when he was arrested in September 2003. However, he maintains that the two points should not apply because (1) Minnesota had waived extradition on prior occasions when he was in custody, and (2) the warrant stated "Minnesota Only."

"[A]ctive supervision [of a warrant] is not required for [the criminal history points] to apply." U.S.S.G. § 4A1.1(d) cmt. n.4. "The plain language of [Section 4A1.1(d) and its commentary] indicates that two points are to be added whenever an outstanding warrant is in existence, regardless of whether the warrant is stale pursuant to state law at the time of sentencing, and irrespective of whether state authorities have been lax in attempting to execute the warrant." *United States v. Elmore*, 108 F.3d 23, 27 (3d Cir. 1997). Thus, because the warrant was outstanding at the time of Mr. Anchondo-Rascondo's arrest, the district court did not err in assigning two points to his criminal history category.

## III.  CONCLUSION

Accordingly, we AFFIRM the district court's sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge