**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES of AMERICA,

      Plaintiff-Appellee,

v.

DAVID STEPHENSON,

      Defendant-Appellant.

No. 04-1519
(D.C. No. 03-CR-530-D)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **MCKAY** and **HENRY**, Circuit Judges.

Defendant-Appellant David Stephenson pleaded guilty to transport of child pornography in violation of 18 U.S.C. § 2252A(a)(1). On appeal, he alleges that he is entitled to be resentenced in light of United States v. Booker, 543 U.S. 220 (2005), because the district court mandatorily imposed a sentence according to the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Federal Sentencing Guidelines. We agree. Mr. Stephenson also argues that on remand the district court is limited to considering facts, including prior convictions, alleged in the indictment to calculate the appropriate advisory Guideline range. We reject both of these arguments as contrary to Supreme Court and Tenth Circuit case law.

## I. BACKGROUND

In 2003, police officers executed a search warrant at Mr. Stephenson's home and found on his computer numerous depictions of children engaged in sexually explicit conduct. A grand jury subsequently indicted Mr. Stephenson on three counts: the first two accused Mr. Stephenson of transmitting images of child pornography in interstate commerce and the third count charged him with possessing child pornography on his own computer, violations of 18 U.S.C. § 2252A(a)(1) & (a)(5)B).

After the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), Mr. Stephenson pleaded guilty to Count One, admitting that he sent the referenced child pornography images in interstate commerce, and the Government agreed to dismiss Counts Two and Three. Mr. Stephenson also stipulated to a prior conviction for attempted sexual assault on a child in violation of Colorado state law. He also admitted the following: 1) that the images serving as the basis for Count One depicted prepubescent minors, 2)

that he used his computer, 3) to distribute these images, and 4) that other images found on his computer portrayed children engaging in sadistic or masochistic conduct. These factors are listed as "specific offense characteristics" in U.S.S.G. § 2G2.2.

A probation officer prepared a Presentence Report ("PSR"), which recommended a total of 15 points be added to the base offense level of 17 as enhancements for this conduct and a 3-point downward adjustment for acceptance of responsibility. Based on a total offense level of 29 and a criminal history category III, the PSR calculated the Guideline sentencing range to be 108 to 135 months in prison and further recommended a sentence of imprisonment of 108 months, at the bottom of the range.

Mr. Stephenson raised three objections to the PSR. First, he raised a Blakely objection and asked the district court to impose a discretionary sentence. Second he argued that facts increasing a sentence must be alleged in the indictment. Finally, he objected to the PSR and requested that his sentence be capped on the ground that the indictment failed to charge that Mr. Stephenson had been previously convicted of a felony.

At the sentencing hearing, the district court overruled all of Mr. Stephenson's objections. The district judge noted that Mr. Stephenson's stipulation to specific offense characteristics undermined his argument that their

omission from the indictment constrained his sentence. Accepting the PSR recommendation, the judge sentenced Mr. Stephenson to 108 months' imprisonment and five years' supervised release. Mr. Stephenson appeals that sentence.

## II. DISCUSSION

Mr. Stephenson raises three arguments on appeal. First, he contends that his sentence was prejudicial error under United States v. Booker, 543 U.S. 220 (2005), because the district court imposed a mandatory sentence under the Federal Sentencing Guidelines. Second, Mr. Stephenson claims that the district court erred by sentencing him beyond the statutory maximum available on the facts charged in his indictment in violation of his Sixth Amendment right to fair notice and his Fifth Amendment right to indictment and grand jury presentment and that these uncharged facts may therefore not be considered on resentencing. Specifically, he argues that he could not be sentenced to a term of imprisonment longer than seventy-one months because that was the maximum sentence under the Guidelines supported by the factual allegations in the indictment to which he pleaded guilty. Finally, he challenges the district court's denial of his motion to cap the sentence on the ground that his indictment failed to charge that he was previously convicted of a felony. We find only the first argument meritorious and remand this case for resentencing.

**A.  Booker Issue**

Sentencing Mr. Stephenson pre-Booker, the district court committed non-constitutional Booker error by applying the Guidelines in a mandatory fashion.[1] See United States v. Gonzales-Huerta, 403 F.3d 727, 731 (10th Cir.) (en banc), cert. denied, 126 S. Ct. 495 (2005).  Mr. Stephenson preserved that error by raising a Blakely objection.  See United States v. Labastida-Segura, 396 F.3d 1140, 1142-43 (10th Cir. 2005).  We therefore review for harmless error.  Id.  The burden of demonstrating harmless error by a preponderance of the evidence is on the Government in this case.  United States v. Austin, 426 F.3d 1266, 1280-81 (10th Cir. 2005).

"[N]on-constitutional [Booker] error is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such an effect."  United States v. Griffin, 389 F.3d 1100, 1104 (10th Cir. 2004), cert. denied, 125 S. Ct. 1424 (2005); see also Labastida-Segura,  396 F.3d at 1143.  Where, as here, a district court sentences the defendant "at the bottom of the

---

[1]  Mr. Stephenson does not allege nor does the record reflect any constitutional Booker error because Mr. Stephenson stipulated to all of the enhancement-facts used by the judge to mandatorily increase his Guidelines range.  See Gonzales-Huerta, 403 F.3d 731-32.

guidelines range" and says nothing on the record indicating that it would have imposed the same or higher sentence under a non-mandatory scheme, "to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture." Labastida-Segura, 396 F.3d at 1142-43. Thus, as the Government concedes, the Booker error in this case was not harmless and Mr. Stephenson's sentence must be remanded for resentencing.

## B. Indictment Issue

At the sentencing hearing, Mr. Stephenson objected to enhancement of his sentence based on facts not alleged in the indictment. The indictment alleged that Mr. Stephenson 1) used his computer 2) to distribute 3) pornographic images of prepubescent children. Each of these sentencing facts enhanced the base offense level of 17 by two points, pursuant to U.S.S.G. § 2G2.2(b)(1), (b)(2)(E), & (b)(5) for a total offense level of 23. With a criminal history category III, the applicable Guideline range would be fifty-seven to seventy-one months. Mr. Stephenson therefore claims that at the time he pleaded guilty and was sentenced, the heaviest punishment he faced on this indictment was seventy-one months.[2] And, he

---

[2] The indictment did not allege that Mr. Stephenson 1) "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor," for

(continued...)

renews this argument on appeal. Our decision in United States v. Glover, 413 F.3d 1206 (10th Cir. 2005), forecloses any such argument. See id. at 1208-09 (holding that Apprendi and its progeny, including Booker, do not require that factors supporting sentencing enhancements be alleged in the indictment).

Furthermore, Mr. Stephenson correctly acknowledges that his argument has no merit under the current advisory Guideline system mandated by Booker. See Booker, 125 S. Ct. at 761-62 (recognizing the difficulties of incorporating sentencing factors into indictments); Glover, 413 F.3d at 1208-09 (holding that Booker does not require facts supporting sentencing enhancements to be alleged in the indictment). He argues, however, that Booker's remedial opinion, which made the Guidelines advisory, applies only *prospectively* and that, because he was indicted, pleaded guilty, and was sentenced pre-Booker, at resentencing the district court should be limited to facts charged in the indictment.

We reject Mr. Stephenson's invitation to violate the Supreme Court's explicit instruction to "apply . . . [Booker's] Sixth Amendment holding *and . . . remedial interpretation of the Sentencing Act*—to all cases on direct review." Booker, 125 S. Ct. at 769 (emphasis added); see also United States v. Rines, 419

[2](...continued)
which the district court enhanced his base offense by five levels pursuant to U.S.S.G. § 2G2.2(b)(4), or 2) distributed or possessed "sadistic or masochistic" images, for which the district court enhanced his base offense level by four points pursuant to U.S.S.G. § 2G2.2(b)(3).

F.3d 1104, 1106 (10th Cir. 2005), pet. for cert. filed (U.S. Nov. 14, 2005) (No. 05-7719) (rejecting the argument that applying Booker's "remedial holding in sentencing for an offense that predated Booker would violate" a defendant's constitutional rights); Labastida-Segura, 396 F.3d at 1142 ("We must apply the remedial holding of Booker to [the defendant's] direct appeal even though his sentence does not involve a Sixth Amendment violation.").[3]  Instead, we conclude that in resentencing Mr. Stephenson in accordance with Booker on remand, the district court may properly consider sentence enhancement facts in determining the advisory Guideline range, even if those facts were not alleged in the indictment.[4]

_____

[3]The First, Second, Fifth, Seventh, Ninth, and Eleventh circuits have held that the remedial portion of Booker may be properly applied retroactively to cases on direct appeal.  See United States v. Lata, 415 F.3d 107 (1st Cir. 2005); United States v. Vaughn, --- F.3d ----, 2005 WL 3219706 (2d Cir. 2005); United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005); United States v. Dupas, 417 F.3d 1064 (9th Cir.), amended by 419 F.3d 916 (9th Cir. 2005); United States v. Duncan, 400 F.3d 1297 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005).  However, we note that most of these were (judicial) ex post facto cases rather than Fifth Amendment indictment by grand jury issues.

[4]  In his reply brief, Mr. Stephenson argues that applying Booker's remedial holding to Fifth Amendment violations would violate substantive due process and double jeopardy.  We grant the Government's motion to strike these arguments because Mr. Stephenson did not raise them in his opening brief.  See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).  In any event, we note that Mr. Stephenson argument is foreclosed by our decision in Rines, in which we declined the defendant's "invitation to hold that the Supreme Court ordered us to violate the Constitution" and instead concluded that Booker's

(continued...)

## C. Prior Conviction Issue

For preservation purposes only, Mr. Stephenson reasserts on appeal that the district court erroneously denied his motion to cap his sentence on the ground that his indictment failed to charge that he was previously convicted of a felony. We conclude, and Mr. Stephenson concedes, however, that this third objection is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Martinez-Villalva, 232 F.3d 1329, 1332 (10th Cir. 2000) (stating that we are "bound by [Almendarez-Torres] to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead, a sentencing factor"); see also United States v. Dorris, 236 F.3d 582, 587 (10th Cir. 2000) (rejecting defendant's efforts to challenge the continuing validity of Almendarez-Torres).

## III. CONCLUSION

Because the district court committed non-constitutional Booker error that affected Mr. Stephenson's substantial rights, we REMAND this case with instructions to resentence him in accordance with Booker, which does not require that facts supporting sentencing factors be included in the indictment.

---

[4](...continued)
remedial decision could apply retroactively to cases on direct appeal without violating the defendant's Fifth Amendment rights. 419 F.3d at 1106.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge