**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 05-1260 |
| v. | (D.C. No. 04-CR-453-RB) |
| JOSE TOVAR-HERRERA, | (D. Colorado) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant was convicted of illegal aggravated re-entry, in violation of 8 U.S.C. § 1326(b)(2). Pursuant to the penalties provided for in 8 U.S.C. § 1326(b)(2), the district court sentenced Defendant to forty-one months'

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment.

On appeal, Defendant challenges his sentence as being imposed in violation of his constitutional rights, as recently articulated by the Supreme Court in *United States v. Booker*, __U.S.__, 125 S. Ct. 738 (2005). Specifically, Defendant claims that the district court committed constitutional error when it concluded by a preponderance of the evidence that Defendant had been convicted of previous crimes which would enhance his sentence under 8 U.S.C. § 1326(b)(2). Issues concerning the legality of Defendant's sentence are reviewed de novo. *United States v. Gonzales-Lerma*, 14 F.3d 1479, 1484 (10th Cir. 1994).

We agree with Defendant's admission in his brief that "[t]wo earlier decisions . . . bar relief in this court. The first is this court's ruling in *United States v. Glover*, 413 F.3d 1206 (10th Cir. 2005). The second is the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)."[1] Thus, we find Defendant's argument regarding his enhanced sentence unavailing and conclude that his sentence was not unlawfully enhanced.

We AFFIRM the sentence imposed.

Entered for the Court

---

[1]We note that Defendant raises this issue to preserve his challenge of *Glover* and *Almendarez-Torres* to either an en banc panel of this court or the United States Supreme Court. We are, however, bound by both precedents.

Monroe G. McKay
Circuit Judge