FILED
United States Court of Appeals
Tenth Circuit

December 9, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON SCOTT PEDRO,

    Defendant - Appellant.

No. 19-6175
(D.C. No. 5:19-CR-00111-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MURPHY**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves a criminal sentence. The defendant, Mr. Jason

Scott Pedro, was convicted of possessing a firearm after a felony

conviction. 18 U.S.C. § 922(g)(1). In imposing the sentence, the district

court applied an enhancement and ordered 7 years' imprisonment. Mr.

Pedro challenges application of the enhancement and argues that the

sentence was substantively unreasonable.

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

In our view, any error would have been harmless because the district court explained that it would have imposed the same sentence even without the enhancement, pointing to Mr. Pedro's extraordinary criminal record. This explanation not only made any error harmless but also justified the 7-year sentence, rendering it substantively reasonable. We thus affirm the sentence.

**1.    The court sentenced Mr. Pedro to 7 years in prison.**

Under the sentencing guidelines, an enhancement applies when the offense involves a "semiautomatic firearm that is capable of accepting a large capacity magazine." U.S. Sent'g Guidelines Manual § 2K2.1(a)(4)(B)(i)(I) & (ii)(I) (U.S. Sent'g Comm'n 2018). The district court heard argument, examined the firearm, and decided that the enhancement applied.

The enhancement increased Mr. Pedro's guideline range from 30–37 months to 51–63 months. *Compare* U.S. Sent'g Guidelines Manual § 2K2.1(a)(4)(B) (U.S. Sent'g Comm'n 2018) (base-offense level of 20 for possession by a prohibited person with a gun that could accept a large-capacity-magazine), *with* U.S. Sent'g Guidelines Manual § 2K2.1(a)(6) (U.S. Sent'g Comm'n 2018) (base-offense level of 14 for possession by a prohibited person).[1] After applying the enhancement, the court concluded

---

[1]    The government agreed that Mr. Pedro's

2

that even the ceiling of the guideline range wouldn't adequately protect the public. So the court varied upward 21 months to impose a 7-year sentence.

**2.    Any procedural error would have been harmless because the court would have imposed the same sentence even without the enhancement.**

Mr. Pedro argues that the court misapplied the enhancement. If the court had erroneously applied an enhancement, we would ordinarily reverse. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). But erroneous application of an enhancement can sometimes be harmless. *United States v. Gieswein*, 887 F.3d 1054, 1061 (10th Cir. 2018).

The government bore the burden on harmlessness, needing to show by a preponderance of the evidence that the error had not affected the sentence. *United States v. Glover*, 413 F.3d 1206, 1210 (10th Cir. 2005). The error would be harmless only "if the record viewed as a whole clearly indicates the court would have imposed the same sentence had it not relied on the procedural miscue(s)." *Gieswein*, 887 F.3d at 1061 (quoting *United States v. Kieffer*, 681 F.3d 1143, 1165 (10th Cir. 2012)); *see also Molina-Martinez*, 136 S. Ct. at 1346 ("The record . . . may show, for example, that the court thought the sentence it chose was appropriate irrespective of the

---

- base-offense level would be reduced by three levels for acceptance of responsibility and timely notification and

- criminal history was in Category VI.

Guidelines range."). But it's not enough for the district court to say that the enhancement didn't affect the sentence. *See United States v. Peña-Hermosillo*, 552 F.3d 1108, 1117 (10th Cir. 2008) (holding that a "perfunctory explanation" is not enough to avoid remand). The court must instead provide a "cogent" and "thorough" explanation. *Id.*; *Gieswein*, 887 F.3d at 1063.

For the sake of argument, we may assume that the district court erred in applying the enhancement. Even with this assumption, however, the error would have been harmless because the court cogently and thoroughly explained that it would have imposed the same sentence irrespective of the enhancement.

The court explained that it was relying on the statutory maximum of ten years with credit for the guilty plea: "I would give you the maximum, but for your plea of guilty and I give you credit for that." R., vol. 3, at 31; *see* R., vol. 2, at 28. By expressly basing the sentence on the statutory maximum and credit for the guilty plea, the district court clearly showed that it would have applied the same sentence even without the enhancement. *See Gieswein*, 887 F.3d at 1063 (concluding that an erroneous guideline calculation was harmless because the district court's thorough explanation for the sentence was based on the statutory maximum).

The court's explanation was not only clear but also cogent and thorough. The court explained that a 7-year sentence was needed to protect the public based on

- Mr. Pedro's history, which included "33 prior convictions" and

- an "incendiary" combination of convictions for "drugs, violence and guns."

R., vol. 3, at 31.

Mr. Pedro disagrees, arguing that the court might have imposed a lighter sentence if the guideline range had been lower. For this argument, Mr. Pedro points out that the district court had obviously tried to correctly decide the applicability of the enhancement. For example, at the initial sentencing hearing, the district court said that it couldn't meaningfully decide the applicability of the enhancement without examining the firearm.

The court examined the firearm to make an informed decision about the applicability of the enhancement. But the court pointed out that its consideration of the enhancement didn't ultimately influence the sentence: "[T]he sentence I'll impose really is the same without regard to how I rule on the [guideline] objection because of my appraisal of your history." *Id.* So the decision to examine the firearm does not undermine the court's explanation that the sentence would have stayed the same without the enhancement. So any procedural error would have been harmless.

5

**3.     The sentence is substantively reasonable.**

Mr. Pedro challenges not only the imposition of the enhancement but also the substantive reasonableness of his sentence. We review this challenge under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In conducting this review, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

We assess the reasonableness of a sentence based on seven statutory factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, protect the public, and provide rehabilitation, (3) the legally available sentences, (4) the U.S. Sentencing Guidelines, (5) the Sentencing Commission's policy statements, (6) the need to avoid unwarranted disparities among sentences, and (7) the need for restitution. 18 U.S.C. § 3553(a). We reverse only if the district court applied these statutory factors in a way that was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Garcia*, 946 F.3d 1191, 1211 (10th Cir. 2020) (quoting *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017)).

In our view, the 7-year sentence fell within the district court's discretion. The court explained that it was heavily influenced by Mr. Pedro's extensive criminal history, which included 33 prior convictions

6

and an "incendiary" combination of "drugs, violence, and guns." R., vol. 3, at 30–31. For this explanation, the court pointed out that Mr. Pedro's criminal-history points had more than doubled the threshold for the highest criminal-history category. With this extensive criminal history, the court explained the need to protect the public through a prison term of 7 years.

Given this explanation, the sentence was reasonable. *See United States v. Barnes*, 890 F.3d 910, 917 (10th Cir. 2018) (stating that a sentence is more likely to be considered reasonable when the court has provided a cogent, reasonable explanation). Mr. Pedro had not only an extraordinary number of prior convictions but also a violent past. For example, his prior convictions included domestic assault–assault and battery, feloniously pointing a firearm, and possessing a firearm during the commission of a felony (burglary of a building).

Mr. Pedro presents four arguments:

1.	The guideline range already accounted for his numerous prior convictions.

2.	The court did not justify an upward departure.

3.	The enhancement was not empirically based.

4.	The court failed to adequately consider his personal history and characteristics.

In our view, these arguments do not undermine the reasonableness of the sentence.

First, Mr. Pedro argues that the guideline range already accounted for his criminal history and the need to protect the public. But the district court could reasonably view the guideline range as a poor benchmark because Mr. Pedro had more than twice the criminal-history points necessary to reach the top criminal-history category. *See United States v. Barnes*, 890 F.3d 910, 921 (10th Cir. 2018) (concluding that a district court can justify a variance by relying on facts that the guidelines had already taken into account).

Second, Mr. Pedro argues that the court did not adequately support an upward departure. But the court applied a variance, not a departure, so those findings were unnecessary.[2]

---

[2]    The court used language suggesting both a departure and a variance. For example, the district court said that it would "depart upwards." R., vol. 3, at 31. But the court had earlier said: "[T]he sentence I'll impose is really the same without regard to how I rule on the objection," suggesting that the sentence would involve a variance rather than a departure. *Id*. We thus consider the entire record to ascertain whether the court imposed a variance or departure. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1220–21 (10th Cir. 2008).

In our view, the entirety of the record shows that the court imposed a variance rather than a departure. The court never referred to a guideline provision authorizing a departure. And in the eventual "statement of reasons," the court stated that it was imposing a variance, dropping the earlier reference to a departure. *See United States v. Adams*, 751 F.3d 1175, 1182–83 (10th Cir. 2014) (characterizing the district court's action as a variance, rather than a departure, based on the court's reliance on the statutory sentencing factors, omission of any reference to the guideline provisions addressing departures, and clarification in the written "Statement of Reasons" that the court was imposing a variance).

Third, Mr. Pedro argues that the enhancement was not empirically based. But the court explained that it would have imposed the same sentence irrespective of the enhancement.

Finally, Mr. Pedro argues that the court inadequately considered his personal history and characteristics. But the court considered these factors and concluded that they were dwarfed by Mr. Pedro's 33 prior convictions involving violence, drugs, and guns.

Given the court's explanation, we conclude that the 7-year sentence was substantively reasonable.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge