F I L E D
United States Court of Appeals
Tenth Circuit

FEB 7 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

DERRICK EUGENE KIRTMAN,

　　　　Defendant-Appellant.

No. 01-5083
(D.C. Nos. 00-CV-860-C,
97-CR-53-C)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

　　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　　　Petitioner seeks an order of this court granting his application for a certificate of appealability (COA) in order for this court to review the denial of his

---

\* 　　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion to vacate his sentence brought under 28 U.S.C. § 2255. In order to obtain a COA, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejected petitioner's constitutional claims on the merits, "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner was convicted, following a jury trial, of conspiracy to possess with intent to distribute cocaine base (crack cocaine) and conspiracy to distribute cocaine base and was sentenced to life imprisonment. United States v. Kirtman, No. 98-5039, 1999 WL 49126 (10th Cir. Feb. 4, 1999). His conviction and sentence were affirmed on appeal. Id. at **4. Following the Supreme Court's denial of certiorari, petitioner filed this motion to vacate his sentence, alleging that his trial counsel was ineffective in several aspects and that his sentence violated the rule set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000).

The district court considered the allegations that petitioner's trial counsel was ineffective and found them lacking in factual basis, factually incorrect as shown by the trial and sentencing transcripts, or legally insufficient to establish a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984) (petitioner must show that counsel's performance fell below objective standard of reasonableness and that his defense was prejudiced). The

-2-

court made specific determinations with regard to each of petitioner's claims, and petitioner has failed to point to any errors in the court's findings.

With respect to petitioner's Apprendi argument, the record reflects that both the superceding indictment and the jury instructions specifically charged petitioner with possession with intent to distribute "50 or more grams of cocaine base (crack)" in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Thus this case is distinguishable from United States v. Jones, 235 F.3d 1231, 1236 (10th Cir. 2000), wherein we held that "the quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B)." Here, "the benchmark quantity of cocaine . . . [was] alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt." Id.

Because we concur for substantially the reasons set forth in the district court's order of March 13, 2001, we DENY petitioner's application for a COA, GRANT his motion for *in forma pauperis* status and DISMISS the appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge

-3-