**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DERRICK EUGENE KIRTMAN,

Defendant-Appellant.

Nos. 08-5074 & 08-5093
(D.C. No. 4:97-CR-00053-HDC-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Derrick Eugene Kirtman, a federal prisoner appearing pro se, appeals from

the district court's denial of his motion for sentence modification pursuant to

18 U.S.C. § 3582(c)(2) and his motion for reconsideration of that denial (Appeal

No. 08-5074). In a consolidated appeal, Mr. Kirtman also appeals the district

court's denial of his Fed. R. Civ. P. 60(b) motion to reopen his judgment of

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction and his motion for reconsideration (Appeal No. 08-5093). In Appeal No. 08-5074, we affirm. In Appeal No. 08-5093, we remand the matter to the district court with instructions to vacate its order and enter a dismissal for lack of jurisdiction.

## I. Appeal No. 08-5074

Mr. Kirtman's § 3582(c)(2) motion sought to modify the life sentence imposed in 1998 for his role in a crack-cocaine conspiracy. His motion relied upon the United States Sentencing Commission's retroactive amendment to the United States Sentencing Guidelines (U.S.S.G.) that provided a two-level reduction in base offense levels for most crack offenses. *See* U.S.S.G. Supp. to App. C, Amend. 706 (Amendment 706).

The district court determined that, although Amendment 706 did reduce the base offense level for the quantity of crack cocaine (in excess of 1.5 kilograms) attributed to Mr. Kirtman at his original sentencing from 38 to 36, it did not lower the applicable guideline range under which he was sentenced. Mr. Kirtman's total offense level at sentencing was increased eight levels beyond the base offense level: two levels for the use of firearms during the conspiracy; four levels for being an organizer or leader of a criminal activity; and two levels for using persons under eighteen years of age to commit the offense. Even with the two-level reduction to Mr. Kirtman's base offense level under Amendment 706, these enhancements still result in a total offense level of 44, which requires life

imprisonment. U.S.S.G. Ch. 5, Pt. A. Because Mr. Kirtman's sentence is unaffected by Amendment 706, the district court denied Mr. Kirtman's motion. Mr. Kirtman filed a motion to reconsider, which was denied.

We review a district court's decision to deny a reduction in sentence under § 3582(c)(2) for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). On appeal, Mr. Kirtman argues that Amendment 706 reduces his base offense level. That, however, is insufficient to warrant a sentence modification. To proceed with a § 3582(c)(2) motion, Mr. Kirtman must show that application of a retroactive guideline would reduce his sentencing range. *See* 18 U.S.C. § 3582(c)(2) (authorizing district court to reduce a term of imprisonment if the defendant's sentence was "based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission") (emphasis added); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (stating that a reduction "is not consistent with this policy statement," and therefore not authorized under § 3582(c)(2), when "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range"). Because Mr. Kirtman's advisory guideline range is unchanged by the application of Amendment 706, he is ineligible for relief under § 3582(c)(2). Thus, the district court did not abuse its discretion in denying his motion. *See Sharkey*, 543 F.3d at 1239 (holding that district court did not abuse its discretion in denying § 3582(c)(2) motion, where other guideline provisions produced a total offense

-3-

level which did not alter the guideline range from that originally determined by the sentencing court).

In his motion for reconsideration, Mr. Kirtman argued that the district court failed to consider the 18 U.S.C. § 3553(a) factors and had the discretion to impose a non-guideline sentence under *United States v. Booker*, 543 U.S. 220 (2005). In *United States v. Rhodes*, however, we held that § 3582(c)(2) does not permit resentencing based solely on § 3553 factors and objectives, and that § 3582(c)(2) motions may not be employed to present *Booker*-type claims. 549 F.3d 833, 840 (10th Cir. 2008), *petition for cert. filed* (U.S. Jan. 21, 2009) (No. 08-8318). Because the district court did not resentence Mr. Kirtman, it had no basis to consider the § 3553(a) factors. *Sharkey*, 543 F.3d at 1239.

Accordingly, we affirm the district court's denial of Mr. Kirtman's § 3582(c)(2) motion and his motion for reconsideration of that denial.

## II. Appeal No. 08-5093

After the district court denied his § 3582(c) motion and motion for reconsideration, Mr. Kirtman filed a Fed. R. Civ. P 60(b) motion to reopen his original judgment of conviction. Mr. Kirtman argued that he had newly discovered evidence that his trial counsel had obtained an order requiring several witnesses to testify, but then failed to produce these witnesses or obtain their testimony. The district court denied the motion as not timely filed and, alternatively, on the merits, because the evidence was not newly discovered

within the meaning of Rule 60(b). Mr. Kirtman then filed a motion to reconsider that denial, which also was denied.

The district court lacked jurisdiction to consider the claims made in this motion. Although Mr. Kirtman captioned his motion as a Rule 60(b) motion, and expressly stated that he did not want it construed as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, in fact, the motion consisted entirely of § 2255 claims.

Mr. Kirtman previously filed a 28 U.S.C. § 2255 motion to vacate his sentence, which was denied. *United States v. Kirtman*, 33 F. App'x 401 (10th Cir. 2002) (denying a certificate of appealability). Before a federal prisoner may file a second or successive § 2255 motion, he must first seek and obtain an order from a three-judge panel of the court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A) & (B), 2255(h). A district court does not have jurisdiction to decide the merits of a federal prisoner's second or successive § 2255 claims unless and until the circuit court grants the required authorization. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam).

"[T]he bar against successive § 2255 petitions" may not be avoided "by simply styling a petition under a different name." *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002); *see also United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that

determines whether the pleading is a § 2255 motion."). Claims in a Rule 60(b) motion will be subject to the second or successive § 2255 authorization requirements if, in substance or effect, the motion asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

Mr. Kirtman's Rule 60(b) motion clearly asserted a federal basis for relief from his underlying conviction. Thus, he may not present these claims in the district court unless he obtains authorization to do so from this court in accordance with § 2255(h). Mr. Kirtman never sought or obtained such authorization. Thus, the district court lacked jurisdiction over the matter. *See Nelson*, 465 F.3d at 1148 ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."). Consequently, in Appeal No. 08-5093, we vacate the district court's orders and remand the matter to the district court with directions to dismiss the Rule 60(b) motion and the related motion for reconsideration for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-53 (10th Cir. 2008).

In Appeal No. 08-5074, we AFFIRM the district court's denial of the § 3582(c) motion and the motion for reconsideration. In Appeal No. 08-5093, we VACATE the district court's orders, and REMAND to the district court with

instructions to dismiss for lack of jurisdiction. Appellant's motion to file a supplemental brief is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge