**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DERRICK EUGENE KIRTMAN,

    Defendant - Appellant.

No. 15-5108
(D.C. No. 4:97-CR-00053-JHP-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

In 1997, Mr. Derrick Eugene Kirtman was convicted of conspiracy to distribute crack cocaine and/or to possess crack cocaine with intent to distribute. *See* 21 U.S.C. §§ 841,846. The initial sentence was life imprisonment, but the sentence was later reduced to 456 months.

After failing in numerous efforts to vacate the conviction or reduce the sentence, Mr. Kirtman filed a motion for a sentence reduction under

---

[*]    We conclude that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

18 U.S.C. § 3582(c)(2). In this motion, he argued that the sentence should be reduced because of an amendment to the U.S. Sentencing Guidelines (Amendment 782). The district court concluded that Mr. Kirtman was eligible for relief but declined to modify the sentence, finding that Mr. Kirtman had beaten an unindicted coconspirator and raped an uninvolved associate. He appeals.

Mr. Kirtman's counsel regards all possible appeal points as frivolous and has filed an *Anders* brief, reflecting counsel's conscientious examination of the case, identifying potentially appealable issues notwithstanding his belief that the appeal would be frivolous, and seeking leave to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Dissatisfied with counsel's brief, Mr. Kirtman has filed his own *pro se* brief, asking us to appoint new counsel. We grant counsel's request for leave to withdraw, decline to appoint a new attorney for Mr. Kirtman, and dismiss the appeal.

Mr. Kirtman's counsel has identified six potential issues:

1. The district court should have granted the motion to modify the sentence.

2. The district court made factual errors in denying the motion to modify the sentence.

3. The district court should have found actual innocence.

2

4. The district court should have granted leave to file a successive motion to vacate the sentence under 28 U.S.C. § 2255.

5. The district court should have amended the presentence report to delete reference to the rape.

6. The district court should have reduced the sentence to 210 months.

For the reasons stated by defense counsel, all of these potential appeal points would be frivolous.

In his pro se brief, Mr. Kirtman argues that (1) his counsel lied about meeting with Mr. Kirtman and summarizing the information gleaned from the grand jury transcript and (2) "[n]owhere in the court proceeding did the Police Department submit the evidence of the amount of drugs Mr. Kirtman was charged with." Kirtman Pro Se Br. at 6-7. These arguments do not support Mr. Kirtman's request for new counsel or reversal.

Even if Mr. Kirtman is correct about the lack of communication with counsel, we must determine whether the record reflects any non-frivolous appeal points. Counsel has not identified any, and Mr. Kirtman's only appeal point is difficult to understand. He claims that the police department did not submit evidence of the drug quantity "in the court proceeding." *Id.* at 7. We are uncertain whether Mr. Kirtman is referring to the grand jury's proceedings or to the district court's

3

proceedings on the motion to modify the sentence. Either way, Mr. Kirtman's contention would not support reversal because § 3582(c)(2) cannot be used to collaterally attack the original sentence. *United States v. Smartt*, 129 F.3d 539, 543 (10th Cir. 1997).

Like Mr. Kirtman's counsel, we have examined the appellate record and conclude that any potential appeal points would be frivolous. Accordingly, we decline to appoint new counsel for Mr. Kirtman, authorize withdrawal of his present counsel, and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge