**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DERRICK EUGENE KIRTMAN,

    Defendant - Appellant.

No. 19-5026
(D.C. No. 4:97-CR-00053-JHP-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **PHILLIPS**, Circuit Judges.
_____

Derrick Kirtman, appearing pro se, appeals the district court's application of

the First Step Act of 2018 and Sentencing Guideline Amendment 782 to reduce his

sentence by 91 months, arguing that the district court should have reduced his

sentence further. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Kirtman also seeks to appeal a district court denying a motion he filed

challenging his 1997 conviction and 1998 sentence. We conclude the motion was an

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unauthorized second or successive 28 U.S.C. § 2255 petition, construe his notice of appeal as a request for a certificate of appealability (COA), deny that request, dismiss his appeal of the order, and direct the district court to vacate the order because it lacked subject matter jurisdiction to resolve the motion.

## I. Background

In 1997, a jury convicted Kirtman of conspiracy to possess with intent to distribute cocaine base (crack cocaine) and conspiracy to distribute cocaine base. We described Kirtman's leadership of a violent criminal enterprise in our affirmance of his conviction and need not recount his transgressions here. *See United States v. Kirtman*, No. 98-5039, 1999 WL 49126, at *1 (10th Cir. Feb. 4, 1999). But they included "savagely beat[ing] a distributor who was suspected of having stolen money and drugs, permanently disfiguring him." *Id.*

Kirtman's presentence investigation report (PSR) recommended that his base offense level be set at 38 because the conspiracy involved distribution of at least 1.5 kilograms of crack cocaine and that his offense level be increased by eight levels for using firearms and leading a large criminal organization that included minors. The district court adopted the PSR, applied Kirtman's total offense level of 46 and criminal history category of I to the Sentencing Guidelines then in force, and sentenced him to life imprisonment.

Over the years, Kirtman filed a series of motions under 18 U.S.C. § 3582(c)(2) seeking to reduce his sentence based on retroactive amendments to the Sentencing Guidelines. He based his first motion on Amendment 706, which reduced the base

2

offense level for most crack cocaine offenses by two levels. *See* U.S. Sentencing Guidelines Manual (USSG) app. C vol. III at 226, 230 (U.S. Sentencing Comm'n 2018). The district court denied this motion because "[e]ven with the two-level reduction to [his] base offense level under Amendment 706," Kirtman still had "a total offense level of 44, which require[d] life imprisonment." *United States v. Kirtman* (*Kirtman 2009*), 310 F. App'x 278, 280 (10th Cir. 2009). We affirmed. *Id.*

Kirtman based his second motion on Amendment 750, which reduced the base offense level for most crack offenses by two more levels. *See* USSG app. C vol. III at 391. The district court granted this motion, reducing his sentence to 456 months.

Kirtman later filed two motions seeking a further reduction in his sentence under Amendment 782, which reduced the base offense level for most crack offenses by another two levels. *See* USSG app. C supp. at 60–61. The district court exercised its discretion to deny the motions because Kirtman's "leadership role in a long term and extensive illicit drug distribution operation" and "acts of extreme violence" made him "an ongoing danger to the community." R. at 61; *see also id.* at 79. We dismissed Kirtman's appeal from the district court's first denial as frivolous, *United States v. Kirtman*, 650 F. App'x 954, 956 (10th Cir. 2016), and Kirtman did not appeal the district court's second denial.

Then Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. This law authorized courts to retroactively apply the Fair Sentencing Act of 2010 "to offenders who committed offenses prior to the [Fair Sentencing Act's] effective date of August 3, 2010." *United States v. Mannie*, 971 F.3d 1145, 1147

3

(10th Cir. 2020). The Fair Sentencing Act had, "among other things, increased the quantity of crack cocaine required to trigger certain statutory penalties." *Id.* Kirtman asked the district court to apply these laws and "exercise its sentencing discretion by resentencing [him] to a low-end guideline sentence." R. at 110.

The district court granted Kirtman's motion in part. It applied section 404(b) of the First Step Act and lowered Kirtman's "statutory penalty from ten years to life, to five to forty years." *Id.* at 116. It also found it "reasonable at this time to grant" a reduction under Amendment 782 "based upon Congress's decision to lower the statutory maximum penalty in this case, [Kirtman's] behavior while incarcerated over the past twenty-one years, and the substantial guideline range produced even with the guideline reduction under Amendment 782." *Id.* It therefore lowered Kirtman's base offense level to 32, lowered his total offense level to 40, and concluded that his resulting guidelines sentencing range was 292 to 365 months. But it found that the "aggravating factors in this case" warranted "a sentence at the high end of this range" and reduced Kirtman's sentence by 91 months to 365 months. *Id.* Kirtman appeals.

Over the years, Kirtman also lodged many unsuccessful collateral attacks on his conviction and sentence. *See United States v. Kirtman*, 33 F. App'x 401, 403 (10th Cir. 2002) (denying COA from denial of § 2255 petition); *Kirtman v. United States*, No. 06-5034, Order (10th Cir. Apr. 3, 2006) (denying authorization to file successive § 2255 petition); *Kirtman 2009*, 310 F. App'x at 281 (directing district court to dismiss § 2255 claims); *In re Kirtman*, No. 09-5036, Order (10th Cir. Apr. 13, 2009) (denying authorization to file successive § 2255 petition); *In re*

4

*Kirtman*, No. 10-5137, Order (10th Cir. Dec. 10, 2010) (dismissing successive § 2255 action); *In re Kirtman*, No. 11-5019, Order (10th Cir. Mar. 16, 2011) (denying authorization to file successive § 2255 petition).

Kirtman continued this tradition in October 2018 by filing a "motion for relief pursuant to Rule 60(d)(3) for fraud upon the court," R. at 95 (boldface and capitalization omitted), asserting that his conviction resulted from a conspiracy among police officers and that he did not participate in the beating of the distributor, *id.* at 95–97. The district court denied this motion. Kirtman seeks to appeal.

## II. Discussion

### A. Kirtman's Sentence-Reduction Motion

Kirtman makes several arguments for reversal. We construe these arguments as applying to both the district court's application of the First Step Act to reduce his statutory penalty and its application of Amendment 782 to reduce his guidelines range and sentence via § 3582(c)(2).[1] We review both actions for an abuse of discretion. *See Mannie*, 971 F.3d at 1155; *United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018).

We first address Kirtman's argument that the district court erred by failing to conduct a plenary resentencing[2] or hold a hearing. "[P]lenary resentencing is not

---

[1] Because Kirtman appears pro se, we construe his filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Kirtman sought plenary resentencing in part for the district court to revisit its use of judge-found facts to increase his guidelines range in light of *Apprendi v. New*

5

appropriate under the First Step Act." *United States v. Brown*, 974 F.3d 1137, 1144

(10th Cir. 2020). Section 3582(c)(2) likewise "authorize[s] only a limited adjustment

to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v.*

*United States*, 560 U.S. 817, 826 (2010). And a movant under the First Step Act "is

not entitled to a hearing." *Mannie*, 971 F.3d at 1157. As a result, "we review the

court's decision to proceed without a hearing only for an abuse of discretion." *Id.*

There is also "no requirement that district courts hold a hearing in a § 3582(c)(2)

sentence-reduction proceeding." *United States v. Chavez-Meza*, 854 F.3d 655, 657

(10th Cir. 2017), *aff'd*, 138 S. Ct. 1959 (2018). We have thoroughly reviewed the

record and conclude that the district court did not abuse its discretion by proceeding

without a hearing.

We next reject Kirtman's argument that the district court erred by relying on

facts from the PSR to justify a sentence at the high end of the reduced guidelines

range.[3] *See Mannie*, 971 F.3d at 1157–58 (affirming district court's reliance in part

---

*Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). But
because Kirtman's sentence fell within the *statutory* range, the district court's use of
judge-found facts did not run afoul of the rules announced in *Apprendi* and *Alleyne*.
*See United States v. Zar*, 790 F.3d 1036, 1055 (10th Cir. 2015) ("[T]he judicial fact
finding the defendants complain of occurred in the context of determining their
applicable sentencing ranges under the advisory sentencing Guidelines. The
*Apprendi/Alleyne* rule does not apply in this context.").

[3] Kirtman asserts that "the district court refused and continues to refuse to resolve
the factual disputes that were raised in [his] objection to his . . . PSR." Aplt. Opening Br.
at 5. But at Kirtman's sentencing, the district court heard testimony on Kirtman's
objections to the PSR, "overrule[d] the objections," and "adopt[ed] the presentence
report." Supp. R. vol. 3 at 30.

on "historical facts from [the defendant's] initial sentencing" in declining to reduce the defendant's sentence under the First Step Act); *United States v. Piper*, 839 F.3d 1261, 1268 (10th Cir. 2016) ("[A] district court *may* look to its previous findings" in a § 3582(c)(2) proceeding and "cannot make findings inconsistent with that of the original sentencing court." (internal quotation marks omitted)). And we reject Kirtman's related argument that the district court erred by enhancing his sentence based on these facts because they were not alleged in the indictment. *See United States v. Glover*, 413 F.3d 1206, 1208–10 (10th Cir. 2005) (finding "no merit" in the argument that "the term of [the defendant's] sentence should not have been increased based on facts that were not alleged in the indictment").

We likewise reject Kirtman's argument that the district court erred by failing to consider the factors contained in 18 U.S.C. § 3553(a) when setting his sentence within the reduced range. The district court's order stated that it "considered" Kirtman's motion and took "into account the policy statement set forth at USSG §1B1.11 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." R. at 116. It then recited "Congress's decision to lower the statutory maximum penalty in this case, [Kirtman's] behavior while incarcerated over the past twenty-one years, and the substantial guideline range produced even with the guideline reduction under Amendment 782, for which [Kirtman] is eligible." *Id.* And it concluded that the "aggravating factors in this case" warranted "a sentence at the high end of [the] range." *Id.* The district court satisfied its obligation to consider

7

the § 3553(a) factors.[4] *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("[I]t may be sufficient . . . that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others."). And it did not abuse its discretion by selecting a sentence at the high end of the range.

We finally address Kirtman's contention that the district court erred by failing to appoint counsel in connection with his First Step Act motion. But Kirtman had counsel in connection with his first Amendment 782 motion—which the district court denied at the time but effectively granted in the order under review—and the court granted all the relief it could grant under section 404(b) of the First Step Act. Having thoroughly examined the record, we conclude the district court did not abuse its discretion in failing to appoint counsel to assist Kirtman on his successful sentence-reduction motion.

We affirm the district court's reduction of Kirtman's sentence by 91 months.

**B. Kirtman's Fraud-on-the-Court Motion**

Kirtman filed his fraud-on-the-court motion "pursuant to Federal Rule of Civil Procedure 60(d)(3)." R. at 95. The motion rehashed Kirtman's allegations from a prior § 2255 petition that officers carried out a "conspiracy" "to secure [his]

---

[4] "Section 3582(c)(2) requires the court to consider the factors in 18 U.S.C. § 3553(a)." *Piper*, 839 F.3d at 1267 (emphasis and internal quotation marks omitted). But the "§ 3553(a) factors . . . are . . . not required[] considerations when ruling on a [First Step Act] motion." *Mannie*, 971 F.3d at 1158 n.18.

conviction." *Id.* at 96. It also alleged his sentence resulted from "fraudulent factual findings" in his PSR that the district court "was deceived into accepting." *Id.* at 95.

Where a motion "invok[es] the district court's inherent power to set aside a judgment obtained through fraud on the court . . . under [Rule] 60(d)(3)" and "asserts or reasserts claims of error in the prisoner's conviction," we treat it as a § 2255 petition. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). We therefore treat Kirtman's fraud-on-the-court motion as a § 2255 petition. In reaching this conclusion, we give no weight to Kirtman's suggestion that his "motion is not to be construed as a §2255 motion," R. at 95, because "'[t]he bar against successive § 2255 petitions' may not be avoided 'by simply styling a petition under a different name,'" *Kirtman 2009*, 310 F. App'x at 281 (quoting *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002)).

Because Kirtman had filed other § 2255 petitions, § 2255(h) required him to obtain authorization from this court before filing in the district court. *Kirtman 2009*, 310 F. App'x at 281. This he did not do. The district court therefore did "'not even have jurisdiction to deny the relief sought in the pleading.'" *Id.* (quoting *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).

Kirtman also had to obtain a COA from this court before proceeding with his appeal. 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017). This he did not do either. We nonetheless treat his notice of appeal as a request for a COA. *See Springer*, 875 F.3d at 980. We grant a COA if "jurists of reason could disagree with the district court's resolution of [the

9

petitioner's] constitutional claims or . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted).

The district court lacked subject matter jurisdiction to address Kirtman's motion, creating a "plain procedural bar," *Springer*, 875 F.3d at 983 (internal quotation marks omitted). "Under these circumstances, reasonable jurists could not debate whether [Kirtman] could prevail on appeal when the district court lacked jurisdiction to issue a final order." *Id.* We deny Kirtman's request for a COA.

### III. Conclusion

We affirm the district court's order reducing Kirtman's sentence by 91 months. We deny Kirtman's request for a COA with respect to the district court's order denying his fraud-on-the-court motion, dismiss his appeal from that order, and direct the district court to vacate the order. We grant Kirtman's motion to proceed *in forma pauperis* on appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

10